**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 30, 2025
Decided October 14, 2025

**Before**

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

NANCY L. MALDONADO, *Circuit Judge*

No. 24-2469

BRIAN S. SINGER,
*Plaintiff-Appellant*,

*v*.

CITY OF CHICAGO, et al.,
*Defendants-Appellees*.

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.

No. 1:19-cv-00135

Martha M. Pacold,
*Judge*.

**O R D E R**

This is the third civil rights lawsuit that Brian Singer has brought in connection with his arrest by Chicago police officers in 2016. He voluntarily dismissed the first two suits. The district court dismissed his third suit as an impermissible second refiling of his first suit under the Illinois savings statute, *see* 735 ILCS 5/13-217, and otherwise barred by the two-year limitations period. Because the district court correctly concluded that all three of Singer's suits arose from the same operative facts, we affirm.

**I**

Singer brought his first suit (*Singer I*) pro se in state court in October 2017, alleging that Chicago police officers unlawfully arrested him and beat him in October 2016. He sought compensatory damages for pain and suffering and medical expenses. Singer eventually retained counsel and voluntarily dismissed his suit without prejudice in January 2018, stating in his motion that he intended to refile in federal court.

Six months later, Singer filed suit in federal court (*Singer II*), seeking relief for the same arrest-related injuries—this time against his condominium association, members of the association, and the association's law firm. Singer filed his initial form complaint pro se, but shortly thereafter he retained counsel who soon entered an appearance. According to Singer, the condominium defendants for years had harassed and discriminated against him based on his faith and disability, violated state housing rules, and, as relevant here, conspired to violate his civil rights by making "false police reports which helped incite the CPD officers" to falsely arrest and beat him in October 2016. He further reserved the right to amend his complaint to add as defendants the City of Chicago and police officers involved in the October 2016 arrest. Singer alleged that the beating resulted in permanent injuries to his lumbar spine, cervical spine, and left shoulder and sought damages for medical expenses. During discovery, Singer's counsel sought the identities of police officers involved in Singer's arrest, intending to add the officers as defendants. But in October 2018, Singer voluntarily dismissed the second suit without prejudice.

Singer brought his third suit (*Singer III*)—the subject of this appeal—in January 2019. In his operative complaint, filed by his current counsel, Singer alleged that the City of Chicago and individual officers violated his Fourth Amendment rights during the 2016 arrest when they illegally detained him and used excessive force against him. *See* 42 U.S.C. § 1983. As in his earlier two suits, Singer sought damages for the injuries he allegedly suffered while detained.

The City of Chicago moved to dismiss the complaint on untimeliness grounds, arguing that Singer had waited more than two years after his claim accrued to file this suit. Singer countered by invoking the Illinois savings statute, a remedial provision in the Illinois Code of Civil Procedure that allows plaintiffs one year after a voluntary dismissal to refile their complaint if any asserted claims arose from the same set of facts alleged in the prior action. *See* 735 ILCS 5/13-217. Singer contended that the savings statute allowed him to proceed because he refiled *Singer III* within a year of voluntarily

dismissing *Singer I.* The City of Chicago responded that Singer had already taken advantage of his opportunity to refile when he brought *Singer II* because it raised the same facts as *Singer I* regarding the 2016 arrest.

The district court accepted the City's argument that Singer's complaint was untimely and dismissed the complaint with prejudice. The court acknowledged that state tolling and revival rules apply to § 1983 claims, *see Wilson v. Garcia*, 471 U.S. 261, 269 (1985), but determined that Singer could not rely on the Illinois savings statute to proceed on *Singer III* because all three suits arose, at least in part, from Singer's 2016 arrest. Accordingly, the district court concluded that *Singer III* was an impermissible second refiling of *Singer I*.

**II**

The Illinois savings statute offers plaintiffs a second chance to refile an action that was dismissed—whether voluntarily or for a jurisdictional defect. *See* 735 ILCS 5/13-217. Under the statute, plaintiffs have just one opportunity to file a follow-on action arising out of the same operative facts as the earlier, dismissed suit.[†] *See First Midwest Bank v. Cobo*, 124 N.E.3d 926, 930 (Ill. 2018). To determine whether two suits encompass the same cause of action, the Supreme Court of Illinois has directed courts to "pragmatically" consider similarities in timing, scope, origin, or motivation of the actions. *Id.* (citing *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 893 (Ill. 1998)). We review de novo a district court's grant of a motion to dismiss, accepting as true all well-pleaded facts in the complaint and drawing all reasonable inferences in favor of the plaintiff. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016).

On appeal, Singer brings a two-pronged challenge to the district court's determination that *Singer III* was an impermissible second refiling of *Singer I*. First, he contends that *Singer II* should not have been considered his single refiling of *Singer I* because it arose from different facts. He attempts to distinguish *Singer II* from his other two suits by arguing that it arose from facts unrelated to his 2016 arrest—a pattern of

---

[†] This requirement of "same operative facts" mirrors the element under the res judicata doctrine requiring an "identity of cause of action." *See First Midwest Bank v. Cobo*, 124 N.E.3d 926, 930 (Ill. 2018). But unlike res judicata, the savings statute does not require identity of parties or a final judgment on the merits to bar a subsequent suit. *See id.* at 933.

conduct between 2012 and 2016 in which his condominium neighbors engaged in faith-based discrimination, failed to accommodate his disability, committed insurance fraud, and violated state housing rules. He stresses that *Singer I* and *III*, in contrast, referred only to his police encounter.

The district court correctly determined that *Singer III* was barred by the single refiling rule because Singer's earlier two suits arose—at least in part—from the same facts. To be sure, *Singer I* addressed only the events around Singer's 2016 arrest. And *Singer II* alleged conduct seemingly unrelated to the arrest. But as Illinois courts interpret the savings statute, a second action is still a refiling of the first if it includes *any* claims based on the same facts, even when it also asserts additional claims from different facts. *See D'Last Corp. v. Ugent*, 681 N.E.2d 12, 17 (Ill. App. Ct. 1997). Critically, *Singer II*'s operative complaint alleged that the condominium defendants made "false police reports which helped incite the CPD officers." Singer also explicitly reserved the right to amend his complaint to add the City of Chicago as well as the police officers responsible for his arrest. And in both *Singer I* and *II*, he sought damages for injuries he suffered during his arrest.

Singer's second challenge to the court's conclusion that *Singer III* was an impermissible second refiling of *Singer I* is that *Singer II* named different defendants (i.e., condominium defendants) than those named in *Singer I*. Singer cites Illinois appellate decisions for the proposition that "[t]he identity of the defendant is an essential element of an action" for purposes of the savings statute.

The district court properly concluded that two suits need not name the same defendants to present the same cause of action. Whether two actions arise from the same operative facts does not turn on "how the plaintiff labels the complaint," the Illinois Supreme Court has clarified with regard to the savings statute. *Cobo*, 124 N.E.3d at 930. "The Illinois rule does not differentiate … between actions brought against different defendants by the same plaintiff." *Evans ex rel. Evans v. Lederle Lab'ys*, 167 F.3d 1106, 1113 (7th Cir. 1999). Instead, the single refiling rule applies when defendants named in the first suit "*could* have been included in [the second] filing, but were not." *Watkins v. Ingalls Memorial Hosp.*, 105 N.E.3d 789, 805 (Ill. App. Ct. 2018); *see also Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008). Indeed, in *Singer II*, Singer explicitly stated in his complaint that he "reserve[d] the right to amend" so that he could add the City of Chicago as well as police officers as defendants. And in response to the City of Chicago's motion to dismiss in *Singer III*, Singer admitted that his counsel in *Singer II* "aggressively" attempted to obtain the identities of police officers involved

in his 2016 arrest by issuing subpoenas. Both Singer's complaint and conduct in *Singer II* confirm that the suit partially arose from his arrest and that he took steps toward adding police defendants before voluntarily dismissing his suit.

Finally, Singer suggests that the district court did not acknowledge that he filed his complaint in each case pro se—a status that he argues should have entitled those pleadings to liberal construction and less stringent standards. But Singer overstates the significance of his pro se status because he had the benefit of counsel at the critical stages of each of his three suits. Although Singer filed his initial complaints in *Singer I* and *II* pro se, he voluntarily dismissed both suits with the assistance of counsel. And as the district court recognized, Singer's counsel in *Singer II* was involved from an early stage, entering an appearance shortly after Singer filed his complaint. As for *Singer III*, the court was within its discretion to conclude that pro se litigants are bound by procedural rules, *see McNeil v. United States*, 508 U.S. 106, 113 (1993), when it dismissed his third suit as untimely.

AFFIRMED